IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03335-MSK-MEH

ROWDY LEAL,
SIGIFREDO CISNEROS,
TIMOTHY L. HEIDER,
RONALD JOSEPH,
LUIS LOPEZ,
ALBERTO LOPEZ,
PEDRO MOLINA,
CAREY P. YANCY,
EDUARDO ZUBIA,
RUBEN CHAVARIA,
LARZARO CISNEROS,
EDUARDO RODRIGUEZ,
ARTURO GONZALEZ,
MICHAEL GARCIA,
ALICIA LONGSTREATH,
JOHN CRIADO,
DOYLE L. OZMENT,
TIM M. HEIDER,
BARRY MOORE, and
ANGEL MARTINEZ,

    Plaintiffs,

v.

PARAMOUNT RESTAURANTS GROUP, INC., a Texas corporation formerly known as Strickland Restaurants, Inc.,
STRICKLAND RESTAURANTS, INC., Employee Stock Ownership Plan, (ESOP) #002,
SCRATCH COOKIN, INC., a Texas corporation,
CORY STRICKLAND,
GARY STRICKLAND,
REID & GARY STRICKLAND CO.,
EMERSON RICKSTREW, CPA,
DOUG CONDER, CPA, and
PRG ESOP #002,

    Defendants,

v.

RON LINT,

    Respondent.

**ORDER ON MOTION TO COMPEL AND MOTION FOR PROTECTIVE ORDER**

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court are Plaintiffs' Motion to Compel Discovery and Enforce Subpoena [filed December 21, 2012; docket #1] and Respondent Ron Lint's Motion for Protective Order [filed January 11, 2013; docket #8]. Chief Judge Krieger has referred both Motions to this Court for disposition. Respondent Lint's Motion is fully briefed; Plaintiffs' Motion is not.[1] Nonetheless, the Court determines that the briefing is adequate and that oral argument would not materially assist its adjudication of the Motions. For the reasons that follow, Plaintiffs' Motion to Compel Discovery and Enforce Subpoena is **DENIED WITHOUT PREJUDICE** and Respondent Lint's Motion for Protective Order is **GRANTED** as stated herein.

**BACKGROUND**

The Motions pending before the Court arise from two ongoing civil actions in the Northern District of Texas. Both actions concern the formation and management of the Employee Stock Ownership Plan (the "ESOP") for Paramount Restaurant Group ("PRG"). Plaintiffs initiated the first action ("the ERISA Case") on February 7, 2012, asserting claims under ERISA against PRG and fiduciaries of the ESOP. In particular, Plaintiffs allege that the stock purchased by the ESOP in May 2000 was overvalued. Respondent Lint is not a party to the ERISA Case. Plaintiffs filed a second action ("the Securities Case") on September 27, 2012, alleging that the valuation for the May 2000 stock purchase at issue in the ERISA Case was inadequate and erroneous. Plaintiffs' initial complaint in the Securities Case identified the same defendants named in the ERISA case, and

---

[1]Though given an opportunity to do so, Plaintiffs did not file a reply.

2

did not include Mr. Lint.

Plaintiffs served Respondent Lint with a subpoena duces tecum issued from the District of Colorado on September 21, 2012, seeking to depose Mr. Lint on September 24, 2012, and requiring Mr. Lint to produce all files, correspondence (including emails), and documents concerning Mr. Lint's appraisal and fairness letters produced in connection with PRG and/or its ESOP. (Docket #1 at 6.) The subpoena concerned the ERISA Case. Although initially there was some dispute regarding whether service had been accomplished, Mr. Lint's local counsel (Ed Gleason) contacted Plaintiffs' counsel (Philip Russ) on September 24, 2012, in an effort to schedule to the deposition. Counsel agreed that the deposition should be rescheduled for a mutually convenient date in October 2012. Mr. Gleason signed a letter memorializing his agreement with Mr. Russ on September 22, 2012. (*Id.* at 12.)

At the time he signed the letter, Mr. Gleason was not aware of (and Mr. Russ did not disclose) the recently-filed Securities Case. (Docket #9-4, ¶ 5.) However, within four (4) days of the agreement, Plaintiffs filed an amended complaint in the Securities Case adding Respondent Lint as a defendant. (Docket #9-5.) Like the claims for which Plaintiffs sought discovery from Mr. Lint in the ERISA case, Plaintiffs' claims in the Securities Case concerned Mr. Lint's participation in the valuation of stock purchased in 2000. (*See id.*) Upon learning that Mr. Lint had been named in the Securities Case, Mr. Gleason contacted Mr. Russ and advised him that Mr. Lint would no longer provide his deposition in the ERISA Case.

On November 30, 2012, through counsel in Texas, Respondent Lint moved to dismiss Plaintiffs' claims against him in the Securities Case. (Dockets ##9-6, 9-7.) Mr. Lint's pending Motion to Dismiss also invokes a mandatory stay of discovery and other proceedings as provided by the Private Securities Litigation Reform Act (the "PSLRA"), 15 U.S.C. §§77z-1(b)(1), 78u-

4(b)(3)(B). It appears from the docket in the Securities Case that the Motion to Dismiss became ripe for review on January 11, 2013. (Docket #9-8.) As of February 1, 2013, the Motion to Dismiss remained pending.

On December 21, 2012, shortly after responding to the Motion to Dismiss, Plaintiffs filed the pending Motion to Compel. In asking the Court to order Respondent Lint to produce documents and sit for a deposition in the ERISA Case, Plaintiffs rely primarily on the agreement between Mr. Gleason and Mr. Russ. Along with his response to the Motion to Compel, Mr. Lint filed the pending Motion for Protective Order on January 11, 2013. According to Mr. Lint, the mandatory stay provisions of the PSLRA protect him from all discovery in the ERISA case during the pendency of his Motion to Dismiss in the Securities Case. Therefore, he asks the Court to deny Plaintiffs' Motion and enter a protective order quashing the subpoena. Plaintiffs did not file a reply in support of their Motion to Compel; however, their response to Mr. Lint's Motion for Protective Order contends that discovery against Mr. Lint should not be stayed because (1) Plaintiffs have already deposed other persons in the ERISA case; and (2) counsel agreed in writing that Mr. Lint would make himself available for the deposition.

Because Respondent Lint's arguments for denying Plaintiffs' Motion to Compel are the same as those advanced in his Motion for Protective Order, the Court will consider the merits of a protective order in deciding whether to compel discovery under the subpoena.

## LEGAL STANDARDS

Fed. R. Civ. P. 45(c)(3)(A) requires the Court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a non-party; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

As for Respondent Lint's request for a protective order, the decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A party seeking a protective order under Rule 26(c) cannot sustain the burden of demonstrating good cause merely by relying upon speculation or conclusory statements. *Tolbert-Smith v. Bodman*, 253 F.R.D. 2, 4 (D.D.C. 2008). The movant must show specific facts demonstrating that the challenged discovery will result in a clearly defined and serious injury to the party seeking protection. *Id.*; *see also Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002).

## DISCUSSION

Respondent Lint contends that participating in discovery in the ERISA Case, either by deposition or document production, violates his right to a stay under the PSLRA. In particular, Mr. Lint expresses concern that Plaintiffs will use documents produced in the ERISA Case to "shore up their insufficient complaint in the Securities [] Case." (Docket #7 at 9.)

Pursuant to the PSLRA "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon motion of any party that particularized discovery is necessary to preserve evidence or prevent undue prejudice." 15 U.S.C. § 77z-1(b)(1) (2013); *see also Anderson v. Merrill Lynch*, 521 F.3d 1278, 1280 (10th Cir. 2008) (recognizing that the PSLRA provides for a stay of discovery pending any motion to dismiss). In addition to staying discovery, the PSLRA includes several other protective mechanisms intended by Congress to curb perceived abuses of federal securities class actions, including limitations on damages and attorney's fees, mandated sanctions for frivolous litigation, and heightened pleading requirements. *Anderson*, 521 F.3d at 1280. In order to prevent plaintiffs from obtaining discovery

5

under less stringent pleading standards by filing concurrent state court actions, Section 77z-1(b)(4) permits a federal court adjudicating claims under the PSLRA to stay discovery in any private state court case as necessary in aid of its jurisdiction, or to protect or effectuate its judgments. *In re Cardinal Health, Inc.*, 365 F.Supp. 2d 866, 872 n.6 (S.D. Ohio 2005).

> The purpose of the PSLRA's expansive stay provision is two-fold:
>
> (1) to prevent the imposition of any unreasonable burden on a defendant before disposition of a motion to dismiss; and (2) to avoid the situation in which discovery at the state court level allows a federal plaintiff, who would not otherwise be able to meet the PSLRA's heightened pleading requirement an opportunity to acquire information and resuscitate a complaint otherwise subject to dismissal.

*Id.* In the context of concurrent federal cases, courts have also found that a limited stay may be warranted to prevent plaintiffs in securities cases from using other lawsuits, including ERISA actions, to "share the fruits of their discovery with the [s]ecurities plaintiffs, [thereby] render[ing] the PSLRA's stay provision a nullity." *In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.*, 2003 WL 22227945, at *3 (S.D.N.Y. Sept. 26, 2003).

Respondent Lint argues that Plaintiffs are attempting to circumvent the mandatory stay in the Securities Action by subpoenaing testimony and document production in the ERISA Case. Plaintiffs do not explain the timing of the pleading amendment, nor do they dispute that the ERISA Case and Securities Case are premised on the same facts. Indeed, Plaintiffs do not even assert any particularized prejudice that will result from the delaying the discovery until after the stay is lifted. Rather, Plaintiffs ask the Court to simply enforce the agreement between Mr. Russ and Mr. Gleason and require Mr. Lint to comply with the subpoena. The Court declines to do so.

First, the Court infers a clear intent to circumvent the stay based on the timing of the subpoena, agreement, and amendment of pleadings. Plaintiffs subpoenaed Respondent Lint in the ERISA case six (6) days prior to filing the Securities Case. Less than a week after Mr. Russ had

6

procured Mr. Gleason's consent to depose Mr. Lint, Plaintiffs amended their complaint in the Securities Case to name Mr. Lint as a defendant. The proximity of these events is suspicious, to say the least. Second, the documents requested in the ERISA Case subpoena pertain directly to Plaintiffs' claims against Mr. Lint in the Securities Case. Deception aside, allowing Plaintiffs' counsel to conduct discovery regarding Mr. Lint's participation in the 2000 stock evaluation would completely undermine the purpose of the PSLRA and the protections it affords to Mr. Lint in the Securities Case.

Because the PSLRA protects Respondent Lint from the burdens of discovery during the pendency of his Motion to Dismiss, the Court finds good cause for a protective order pursuant to Fed. R. Civ. P. 26(c). In light of the questionable tactics employed by Plaintiffs' counsel, the Court shares Mr. Lint's concern that the information sought in Plaintiffs' Motion to Compel may be used improperly in the Securities Case. Therefore, the Court will not require Mr. Lint to produce any discovery in the ERISA Case against Mr. Lint until his Motion to Dismiss is resolved.

## CONCLUSION

For the reasons described above, Plaintiffs' Motion to Compel Discovery and Enforce Subpoena [filed December 21, 2012; docket #1] is **DENIED WITHOUT PREJUDICE** pending the resolution of Respondent Lint's Motion to Dismiss. Respondent Ron Lint's Motion for Protective Order [filed January 11, 2013; docket #8] is **GRANTED** as stated herein.

Entered and dated at Denver, Colorado, this 11th day of February, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge